2007 MT 255N
IN THE MATTER OF THE PATERNITY OF C.T.E.-H., S.H., Petitioner and Appellee,
v.
T.M.E.C., Respondent and Appellant.
No. DA 06-0829.
Supreme Court of Montana.
Submitted on Briefs: July 25, 2007.
Decided: October 3, 2007.
For Appellant: T.E.C. (Pro Se), Glasgow, Montana.
For Appellee: Mark E. Westveer, Hubble, Ridgeway, Unmack and Westveer, Stanford, Montana.
Justice Jim Rice delivered the Opinion of the Court.
¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.
¶2 Appellant and mother, T.M.E.C. (T.C.), appeals from the findings of fact, conclusions of law and order entered by the Tenth Judicial District Court, Fergus County, on motions to amend the parenting plan and child support. We affirm.
¶3 In April 2002, T.C. met Respondent S.H. and they became romantically involved. In January 2003, T.C. gave birth to their son, C.T.E.-H. S.H. did not become aware of C.T.E.-H.'s birth until a month later and on February 28, 2003, filed a petition to determine paternity. The District Court concluded that S.H. was C.T.E.-H.'s biological father and issued an interim parenting plan allowing S.H. to visit C.T.E.-H. After trial, on November 5, 2003, the District Court issued an order granting S.H. primary residential custody of C.T.E.-H., to commence on July 1, 2004, and granting visitation rights to T.C. On November 28, 2003, T.C. filed various motions for relief from the District Court's order, asking the District Court, among other requests, to set aside certain findings of fact to conform to actual testimony. The District Court denied all of T.C.'s motions and she subsequently appealed to this Court. We affirmed the District Court's holding in In re the Paternity of C.T.E.-H., 2004 MT 307, 323 Mont. 498, 101 P.3d 254.
¶4 The District Court noted that, since our decision in the first appeal, "there have been approximately 32 substantive motions filed and 33.5 hours of hearings generating approximately 1,180 pages of hearing transcript and 66 exhibits." The primary dispute litigated before the District Court was S.H.'s decision to relocate to Wyoming and T.C.'s request for a change in the parenting plan to designate her as the residential parent. After hearing, on January 19, 2006, the District Court issued its findings of facts, conclusions of law, and final parenting plan which addressed all pending issues in detail. The court concluded that "a change in residential parent is not in C.T.E.-H.'s best interests for the reasons articulated in [its] original November 5, 2003, order." The court then established a detailed parenting plan, whereby T.C. would share parenting with S.H., although S.H. would remain in primary residential custody of C.T.E.-H. for the majority of each calendar year. T.C. appeals from this order arguing that the District Court's conclusions were "clearly erroneous" and an abuse of discretion as not being in the best interests of C.T.E.-H.
¶5 In child custody matters, we review the findings of a district court to determine whether they are clearly erroneous. Czapranski v. Czapranski, 2003 MT 14, ¶ 10, 314 Mont. 55, ¶ 10, 63 P.3d 499, ¶ 10. "If clear error is not apparent, we will uphold the decision below unless the court abused its discretion." Bock v. Smith, 2005 MT 40, ¶ 14, 326 Mont. 123, ¶ 14, 107 P.3d 488, ¶ 14. In addition, we will uphold a district court's conclusions of law in the child custody context "unless they clearly demonstrate an abuse of discretion." Schiller v. Schiller, 2002 MT 103, ¶ 24, 309 Mont. 431, ¶ 24, 47 P.3d 816, ¶ 24. This is primarily because the district court is in a "superior position to weigh the evidence . . . ." Czapranski, ¶10.
¶6 In determining a child's custody, a district court must apply the best interests of the child standard. Czapranski, ¶ 11. Section 40-4-212(1), MCA, enumerates a number of nonexclusive factors that the court must consider when determining what is best for the child, although the court need not make specific findings relating to each. Czapranski, ¶11.
¶7 T.C. makes three essential arguments on appeal: (1) that the District Court erred "when it concluded [that] a change of custody was warranted based on `grave concern' "; (2) the District Court "abused its discretion by not changing primary custody to the mother and [not concluding] that the best interests of the child far outweighs S.H.'s fundamental right to travel"; and (3) the District Court judge was "unable to be impartial in meting out a fair ruling." Of course, T.C.'s first argument, challenging the "change in custody" from S.H. to herself, was addressed in the first appeal, and cannot be re-litigated.
¶8 Further, review of the record and the District Court's January 19, 2006 order indicates that T.C.'s other arguments are without merit. The District Court set out meticulous findings of fact and discussed in detail each factor it considered in determining what is best for C.T.E.-H. These factors include the consistency in C.T.E.-H.'s life, adjustment to home and community, the mental and physical health of all parties, C.T.E.-H.'s developmental needs, and, among others, the effect of S.H.'s move to Wyoming on both the parenting plan and C.T.E.-H. Consequently, the evidence herein does not establish that the District Court entered erroneous findings or clearly abused its discretion.
¶9 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.
¶10 Affirmed.
JUSTICES KARLA M. GRAY, W. WILLIAM LEAPHART, PATRICIA COTTER, BRIAN MORRIS, concur.